UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| LAUREN CALVERT, | ) | |
| | ) | |
| Plaintiff, | ) | 2:13-cv-00464-APG-NJK |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL W. ELLIS, et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | (Docket Nos. 98, 108) |

Presently before the Court is Plaintiff's unopposed motion to reopen discovery. Docket No. 98. The Court has considered Plaintiff's motion, Defendants' response, and Plaintiff's reply. Docket Nos. 98, 104, 112.

Also before the Court is Plaintiff's motion to compel a mandatory settlement conference. Docket No. 108. The Court has considered Plaintiff's motion and Defendants' response. Docket Nos. 108, 111. The Court finds these matters properly resolved without oral argument. *See* Local Rule 78-2.

**I. BACKGROUND**

This is a personal injury action arising out of a motor vehicle accident that occurred on May 6, 2011. Docket No. 52, at 2. According to the Second Amended Complaint, Michael Wayne Ellis struck Plaintiff Lauren Calvert's vehicle while she was driving in Clark County, Nevada. Docket No. 49, at 3. As a result of the accident, Plaintiff alleges that she sustained injuries to her neck, back, legs, arms, organs, and systems. *Id.*, at 5. On March 1, 2013, Plaintiff filed the instant action in the

District Court for Clark County, Nevada. Docket No. 1, at 2. Thereafter, Defendants removed the case to this Court on March 20, 2013. Docket No. 1. Plaintiff amended her Complaint on March 20, 2013, Docket No. 7, and subsequently filed a Second Amended Complaint on February 6, 2014. Docket No. 49.

## II. MOTION TO REOPEN DISCOVERY

Plaintiff filed an unopposed motion to reopen discovery for the limited purpose of designating a rebuttal expert to Dr. John Schneider.[1] Docket No. 98. Plaintiff requests 30 days to designate a rebuttal expert and an additional 30 days to take Dr. Schneider's deposition. *Id.*, at 9. In their response, Defendants request that they be afforded the opportunity to depose Plaintiff's designated expert within 30 days of designation. Plaintiff, in her reply, agrees with this request. *See* Docket Nos. 104, 112.

Local Rule 26-4 sets out the requirements for applications to extend scheduled deadlines. Despite the fact that Plaintiff failed to comply with the requirements in Local Rule 26-4 in requesting an extension to depose Dr. Schneider, the Court finds good cause and excusable neglect exists, and therefore grants Plaintiff's motion to reopen discovery for the limited purpose of Plaintiff designating a rebuttal expert within 30 days of this Order and an additional 30 days for Plaintiff to take Dr. Schneider's deposition. Defendants will also have the opportunity to depose Plaintiff's expert within 30 days of designation.

## III. MOTION TO COMPEL SETTLEMENT CONFERENCE

On September 10, 2014, Plaintiff filed a motion to compel mandatory settlement conference because Plaintiff represents that negotiations "are at a complete stop." Docket No. 108, at 3. Plaintiff urges that "[a]n aggressive mediator or settlement conference judge is needed to re-focus the parties on the merits of this case, rather than allow them to be consumed with emotions, personal feelings, and the desire to 'win.'" *Id.*, at 4-5. Defendants, however, argue that such a conference is

---

[1] On August 8, 2014, the Court issued an order allowed Plaintiff 30 days from the date of that order to depose Dr. Schneider. Docket No. 87, at 7. Plaintiff failed to do so.

premature because the parties have already agreed to use an intermediary, Joseph J. Bongiovi.[2] Docket No. 111, at 3. Thus, Defendants request that the parties be permitted to continue to work with Mr. Bongiovi to reach a potential settlement. *Id.*, at 3.

Pursuant to the Local Rules, the Court has the discretion to compel participation in settlement conferences in any appropriate civil case. Local Rule 16-5. While the Court encourages both parties to cultivate their settlement interests, the Court fails to see the necessity of scheduling a settlement conference at this time. Accordingly, Plaintiff's motion to compel a settlement conference (Docket No. 108) is denied without prejudice.

**IV. CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Reopen Discovery for the Limited Purpose of Plaintiff Designating Rebuttal Expert to John Schneider, Ph..D. (Docket No. 98) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Mandatory Settlement Conference (Docket No. 108) is **DENIED** without prejudice.

DATED: October 1, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Additionally, in a stipulation filed August 28, 2014, the parties stated that they were "engaging an intermediary to explore the potential for settlement and productivity of another mediation" and that they "anticipate[d] confidentially submitting to the intermediary their respective minimum/maximum settlement positions after which time the intermediary will advise as to the potential for settlement and potential productivity of another mediation." Docket No. 97, at 2.