1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                               **DISTRICT OF NEVADA**

10

11  LAUREN CALVERT,                           )

                                              )

                    Plaintiff(s),             )          Case No. 2:13-cv-00464-APG-NJK

12                                            )

    vs.                                       )          ORDER GRANTING MOTION TO

13                                            )          EXCLUDE

    MICHAEL WAYNE ELLIS, et al.,              )

14                                            )          (Docket No. 76)

                    Defendant(s).             )

15  _____ )

16          Pending before the Court is Defendants' motion to exclude all evidence regarding Plaintiff's

17  future surgeries pursuant to Fed. R. Civ. P. 37(c)(1).  Docket No. 76.  The Court has reviewed

18  Defendants' motion, Plaintiff's response[1], and Defendants' reply.  Docket Nos. 76, 135, 89.  The

19  Court held a hearing on Defendants' motion on February 9, 2015.[2]  *See* Docket No. 142.   For the

20  reasons discussed below, the Court hereby **GRANTS** Defendants' motion to exclude all evidence

21  regarding Plaintiff's future surgeries pursuant to Fed. R. Civ. P. 37(c)(1).

22  **I.      BACKGROUND**

23          This is a personal injury action arising out of a motor vehicle accident that occurred on May

24  6, 2011.  Docket No. 49, at 4.  As a result of the accident, Plaintiff alleges that she sustained injuries

25  to her neck, back, legs, arms, organs, and systems.  *Id.,* at 5.  Defendants have admitted liability in

26

27          [1] Plaintiff's first response at Docket No. 85 contained improper confidential information and
    was sealed by the Clerk of the Court.  *See* Docket No. 132.  On December 18, 2014, Plaintiff filed
28  a redacted version of her response to Defendants' motion to exclude.  Docket No. 135.

          [2] Citations to the recording of the hearing will refer to "Hearing Tr."

this case.  Docket No. 52, at 2-3.  On March 1, 2013, Plaintiff filed the instant action in the District Court for Clark County, Nevada.  Docket No. 1, at 2.  Thereafter, Defendants removed the case to this Court.  *Id.*  Plaintiff amended her Complaint on March 20, 2013,  and subsequently filed a Second Amended Complaint on February 6, 2014.  Docket Nos. 7, 49.

On April 18, 2013, the Court approved the parties' Discovery Plan and Scheduling Order. Docket No. 21.  Notably, the parties requested, and the Court approved, a 270-day discovery period because the "Plaintiff is still treating" and the parties anticipated discovery would take longer than normal.  *Id.*, at 2.  The Court subsequently granted four extensions of discovery deadlines.  Docket Nos. 38, 51, 69, 97.

On April 15, 2013, Plaintiff provided her initial disclosure.  Docket No. 135, Exhibit 2.  This disclosure did not include a computation, or even a mention of, future medical expenses.  *Id.*  On December 31, 2013, Plaintiff supplemented her initial disclosure.  Docket No. 135, Exhibit 3. Again, Plaintiff failed to include a computation for future medical expenses.  *Id.*  On April 10, 2014, Plaintiff provided her second supplement to her initial disclosure.  Docket No. 135, Exhibit 11.  In this second supplement, she disclosed, for the first time, a computation for future medical expenses, in the amount of $478,450.  *Id.*  On April 14, 2014, Plaintiff disclosed an additional expert report setting forth the present value of future medical expenses quantified in the amount of $416,400 to $507,200.  *Id.*, Exhibit 14.  Discovery closed in this case on July 11, 2014.  Docket No. 69, at 2.  The case is currently scheduled on the stacked calendar of September 28, 2015.  Docket No. 125.

On July 24, 2014, Defendants filed the pending motion to exclude all evidence regarding Plaintiff's future surgeries.  Docket No. 76.  Defendants argue that if Plaintiff's future medical expenses regarding future surgeries are excluded, the Court should also exclude any testimony regarding the need for future surgery based on relevance.[3]  Hearing Tr. 10:06 a.m.; *See* Fed. R. Evid. 401 (evidence is relevant if "the fact is of consequence in determining the action" and "it has the tendency to make a fact more or less probable").  On the other hand, Plaintiff asserts that "there is no basis to exclude Plaintiff's expert opinions that she will need future spinal surgeries."  Docket

---

[3] At the hearing, Defendants admit that there may still be an issue of future pain and suffering. Hearing Tr. 10:06 a.m.

No. 135, at 10.  In fact, Plaintiff seems to be under the misconception that timely complying with expert disclosure requirements relieves her of her duty to provide initial disclosures.[4]  The Court disagrees with Plaintiff's unsupported statement, as it belies both the Federal Rules of Civil Procedure and the case law of this Court analyzing the applicable rules, as discussed below.

## II.    DISCUSSION

### A.    Rule 26(a)

Rule 26(a)[5] requires parties to provide initial disclosures to the opposing parties without awaiting a discovery request.  Fed. R. Civ. P. 26(a)(1)(A).  The initial disclosure must include a computation of each category of damages claimed by the disclosing party.  Fed. R. Civ. P. 26(a)(1)(A)(iii).  The computation of each category of damages requires more than the listing of the broad types of damages so as to "enable the defendants to understand the contours of their potential exposure and make informed decisions regarding settlement and discovery.  *CCR/AG Showcase Phase I Owner, L.L.C. v. United Artists Theatre Circuit, Inc.*, 2010 WL 1947016, at *5 (D. Nev. May 13, 2010) (citing *City and Cnty. of S.F. v. Tutor–Saliba Corp.*, 218 F.R.D. 219 (N.D. Cal. 2003)).  "As this language indicates, for disclosures purposes damages are determined, not by actual cost, but by what the party claims."  *Smith v. Wal-Mart Stores, Inc.*, 2014 WL 3548206, at *4 (D. Nev. July 16, 2014) (citing *Sylla-Sawdon*, 47 F.3d 277, 284 (8th Cir. 1995) (stating that the purpose of Rule 26(a) is to enable parties to prepare for trial, not calculate liability).  Thus, Plaintiff does not have to know at the time of disclosure if the future surgery is a "surety."[6]  This computation is due within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order.  Fed. R. Civ. P. 26(a)(1)(c).

---

[4] Plaintiff boldly states that "[t]here is no requirement for Plaintiff to disclose these costs at the initial expert deadline as long as her experts give the opinion that such surgeries are warranted and the reasons therefor, and she timely supplements her computation of damages."  Docket No. 135, at 3.  When Court asked Plaintiff for a citation to this statement, Plaintiff stated it was in the Federal Rules of Civil Procedure, but was unable to specifically point to a subsection of the Rules where this language appears.  Hearing Tr. 10:38 a.m.

[5] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

[6] Plaintiff incorrectly stated at the hearing that "it would have been impossible" "for me to go and say we are going to claim these costs, when we can't say whether they are going to meet evidentiary standard in this court would have been completely improper."  Hearing Tr. 10:36 a.m.

On April 15, 2013, Plaintiff provided her initial Rule 26(a) disclosure to Defendants. Docket No. 135, Exhibit 2. In her initial disclosure, Plaintiff made no reference to any claims for future medical expenses. *See id.* Not only did Plaintiff fail to provide a computation of future medical expenses as required under Rule 26(a), but she did not even provide a placeholder for a future damages category. *Id.*, at 6. It was not until April 10, 2014, that Plaintiff first provided a computation of her future medical expenses. Docket No. 135, Exhibit 11. This was approximately three months after the initial expert disclosure deadline and approximately three months before discovery closed.[7] Plaintiff contends that she was not required to disclose a more detailed damages computation until receiving expert input from Plaintiff's treating physicians. Hearing Tr. 10:30 a.m. However, "future expert analysis does not relieve [Plaintiff] of the obligation to provide information reasonably available." *Olaya v. Wal-Mart Stores, Inc.*, 2012 WL 3262875, at *2 (D. Nev. Aug. 7, 2012). Consequently, the Court finds that Plaintiff did not comply with her disclosure obligation under Rule 26(a).

**B.** **Rule 26(e)**

Rule 26(e) creates a duty to supplement, not a right. See *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009). Pursuant to Rule 26(e)(1)(A):

> A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Thus, Rule 16(e) does not specifically mandate when supplements must be disclosed, only that they must be done "in a timely manner." "Timing is better gauged in relation to the availability of the supplemental information," and not merely based on whether the information was provided after the discovery deadline. *Dayton Valley Investors, LLC v. Union Pac. R. Co.*, 2010 WL 3829219, at *3 (D. Nev. Sept. 24, 2010) ("The rule does not limit the time for supplementation of prior disclosures

---

[7] The initial expert disclosure deadline was January 13, 2014, and the rebuttal expert disclosure deadline was February 12, 2014. Docket No. 38, at 3. Discovery closed July 11, 2014. Docket No. 69, at 2.

to the discovery period").

The Ninth Circuit has interpreted "[s]upplementation under [Rule 26 to mean] correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Luke*, 323 F. App'x at 500 (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998) (finding a second disclosure so substantially different from the first that it could not qualify as a correction of an incomplete or inaccurate expert report)). Thus, Rule 26(e) does not create a "loophole" for a party who wishes to revise its initial disclosure to its advantage after the deadline has passed. *Id.*

At the hearing, Plaintiff's counsel admitted that the surgery for the cervical fusion "was known [at the time of initial disclosures] and it was not immediately supplemented." Hearing Tr. 10:44 a.m. Thus, the addition of this information in Plaintiff's second supplemental disclosure was not a supplementation under Rule 26(e) because it was available at the time of the initial disclosure. On the other hand, Plaintiff's counsel represented that "it was impossible" to know about the need for a nonunion due to adjacent segment breakdown at time of initial disclosures. Hearing Tr. 10:40 a.m. Plaintiff's counsel maintains that the lumbar reconstruction was not foreseeable until Plaintiff was evaluated after her surgery, which occurred after Plaintiff's initial disclosures. However, Plaintiff's counsel knew Plaintiff was treating, specifically stating such in the discovery plan, and knew that her physicians had recommended Plaintiff for future surgeries at the time of her initial disclosures. *See* Docket No. 21; *see also* Docket No. 135, at 5. Nevertheless, Plaintiff chose to wait over a year to provide a computation for a category of future damages. Docket No. 135, Exhibit 11.

Plaintiff's counsel represents that Plaintiff waited to disclose these damages until the surgeries were necessary. Hearing Tr. 10:28 a.m. At the same time, Plaintiff's counsel further represents that Plaintiff still, as of the date of the hearing, has not decided to undergo the surgeries. Hearing Tr. 10:40 a.m. Plaintiff's counsel represents that Plaintiff's future surgeries are still "an open question." *Id.*

The Court notes that the second supplemental disclosure was made prior to the discovery deadline of July 11, 2014. *See* Docket No. 69, at 2. Nevertheless, the Court is unconvinced that the future medical damages information in this supplement was newly discovered or otherwise not

1    reasonably available to Plaintiff at the initial disclosure deadline.  In fact, Plaintiff states in her

2    opposition that "it is clear that ever since the Complaint was filed, *Defendants knew* that Plaintiff

3    is seeking recovery for future cervical and lumbar surgeries [and] knew of the cost of the lumbar

4    surgery at that time."[8]  Docket No. 135, at 5.  Consequently, the Court finds the second supplement

5    containing additional damages untimely under Rule 26(e).

6        **C.    Rule 37(c) Sanctions**

7        When a party fails to disclose or supplement its Rule 26 disclosures, the Court turns to Rule

8    37(c) to determine if sanctions are appropriate.  Rule 37(c)(1) provides that a non-compliant party

9    is "not allowed to use the information . . . at trial, unless the failure was substantially justified or

10   harmless."  The party facing the sanction has the burden of showing substantial justification or

11   harmlessness.  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir.

12   2001).  "Among the factors that may properly guide a district court in determining whether a

13   violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party

14   against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the

15   likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing

16   the evidence."  *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010); *see also*

17   *Yeti by Molly Ltd.*, 259 F.3d at 1107 ("Rule 37(c)(1) . . . was intended to foster stricter adherence to

18   discovery requirements and to broaden the power of the district courts to sanction violations of Rule

19   26").

20       The Court finds that Plaintiff provided the second supplement in violation of Rule 26(a) and

21   26(e), triggering sanctions under Rule 37(c) unless Plaintiff shows that her failure is substantially

22   justified or harmless.  Plaintiff argues that any failure is substantially justified or harmless because:

23   (1) "Defendants already knew that Plaintiff was seeking damages for future surgeries because her

24   treating physicians gave these opinions during her treatment and her experts gave these opinions

25

26           [8]  On March 15, 2013, prior to Plaintiff's initial disclosure, Plaintiff underwent a defense
     medical examination by Defendant's expert, Dr. Derek Duke. Docket No. 135, Exhibit 1. Dr. Duke
27   reviewed Plaintiff's medical records, and specifically noted that Dr. Kabins had found that Plaintiff
     was a surgical candidate at spinal levels C5-6 and C6-7 and that Dr. Kaplan had further
28   recommended anterior/posterior surgery at L4-S1.  *Id.*, at 5.

during at the time of the initial expert deadline"; (2) Defendants have an expert, Dr. Duke, who is in "in the field of expertise appropriate to rebut Plaintiff's experts' opinions regarding costs of future surgeries"; (3) Defendants chose to not take any depositions of Plaintiff's experts after the disclosure of future medical expenses; and (4) "the certainty that [Plaintiff] would require future surgeries was not entirely known at the time of expert disclosures." Docket No. 135, at 16-17. In contrast, Defendants argue that Plaintiff's untimely disclosure of damages after the expert deadlines prejudiced them by depriving Defendants sufficient time to evaluate its need for an expert, and its ability to retain and prepare an expert witness. Docket No. 89, at 7.

The Court does not find any of Plaintiff's proffered reasons why her discovery shortcomings were substantially justified or harmless compelling. First, other courts in this District have noted that "[m]ere notice of an upcoming surgery . . . cannot substitute for the disclosure that is required by Rule 26(a)." *Patton v. Wal-Mart Stores, Inc.*, 2013 WL 6158461, at *4 (D. Nev. Nov. 20, 2013). In personal injury cases, the amount, nature, and extent of damages is a central issue in litigation. Additionally, since Defendants have admitted liability in this case, this Court has already determined that "the issue of whether Plaintiff's medical bills are reasonable is *one of the central features* of this entire litigation." Docket No. 87, at 5 (emphasis added). Second, Defendants do not have an expert in life-care planning that can properly rebut Plaintiff's expert Mr. Sidlow. Hearing Tr. 10:20 a.m. Third, Plaintiff cannot shift her Rule 26(a) responsibilities upon Defendants. *Baltodano v. Wal-Mart Stores, Inc.*, 2011 WL 3859724, at *4 (D. Nev. Aug. 31, 2011) (holding that defendant did not have to acquire a computation of damages with its own expert because it was plaintiff's affirmative duty to provide it). Finally, Plaintiff knew since litigation began in this case that Plaintiff was treating and had been recommended for future surgery, so her argument as to the "certainty" of her need for future surgeries is not persuasive. Consequently, Plaintiff has not met her burden of proving that her disclosure was substantially justified or harmless.

Even where non-disclosure was neither harmless nor justified, however, the Court is not required in all instances to exclude evidence as a sanction. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011). Rule 37(c)(1) also enumerates a number of other potential sanctions, including payment of reasonable expenses incurred, an order that the movant may inform

1   the jury of the opposing party's failure, and any other "appropriate" sanction, including those listed

2   in Rule 37(b)(2)(A)(i)-(vi).  Thus, the Court has wide discretion in determining the appropriate

3   sanction.  *See Yeti by Molly, Ltd.*, 259 F.3d at 1106 (reviewing a district court's decision to sanction

4   for a violation of the discovery rules for abuse of discretion).   In determining the appropriate

5   sanction, the Court looks to five factors: (1) the public's interest in expeditious resolution of

6   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking

7   sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability

8   of less drastic sanctions.  *See Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

9   Based on the circumstances in this case, an order excluding all evidence of Plaintiff's future

10  surgeries is justified because most of the *Wendt* factors support exclusion.  Here, the case is set for

11  trial and the Court finds that Defendants have been prejudiced in their ability to fully prepare for

12  trial.  *See* Docket No. 127; *see Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir.

13  2005) ("Courts set such schedules to permit the court and the parties to deal with cases in a thorough

14  and orderly manner, and they must be allowed to enforce them").  To remedy that prejudice,

15  discovery would need to be reopened to allow Defendants time to retain and prepare a life-care

16  expert.  Then, both sides would also need to prepare rebuttal reports.  This delay would prevent an

17  expeditious resolution of litigation and interfere with the Court's management of its docket.

18  Additionally, a sanction of exclusion of future damages is not a case-dispositive sanction,

19  as Plaintiff will still be able to try the case on the merits and pursue the damages indicated in her

20  initial disclosure.  *See Olaya*, 2012 WL 3262875, at *5.  Further, "[w]hether intentional or not,"

21  Plaintiff's failure to disclose a category of future medical damages until after the deadlines for initial

22  and rebuttal expert reports "gives the appearance of gamesmanship and has the effect of impairing

23  opposing counsel's opportunity to prepare for trial."  *Smith v. Wal-Mart Stores, Inc.*, 2014 WL

24  3548206, at *2 (D. Nev. July 16, 2014); *see also Patton*, 2013 WL 6158461, at *4 (finding that

25  Plaintiff's failure to comply with Defendants' requests and Rule 26(a)'s direction gave the

26  appearance of bad faith).  Moreover, Plaintiff's counsel admitted that he knew Plaintiff was

27  recommended for future surgeries before the Complaint was filed, and yet still failed to indicate in

28  the computation of damages in initial disclosures that Plaintiff was seeking future medical expenses.

1   By waiting over a year to disclose over $400,000, Plaintiff's second supplemental disclosure had the

2   effect of ambushing Defendants.

3   **III.**     **CONCLUSION**

4          Based on the foregoing, and good cause appearing therefore,

5          **IT IS HEREBY ORDERED** that Defendants' motion to exclude all evidence regarding

6   Plaintiff's future surgeries pursuant to Fed. R. Civ. P. 37(c)(1) (Docket No. 76) is **GRANTED**.

7          DATED: February 12, 2015

8

9                                                    _____

10                                                   NANCY J. KOPPE
                                                     United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28