**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| LAUREN CALVERT,<br><br>                     Plaintiff,<br><br>     v.<br><br>DARLENE ELLIS AS SUCCESSOR IN INTEREST TO MICHAEL WAYNE ELLIS, EXPRESS DAILY, DAILY EXPRESS, INC., DOE OWNER, I-V, DOE DRIVER, I-V, ROE EMPLOYER, ROE COMPANIES and ROE TRUCKING COMPANY,<br><br>                     Defendants. | Case No. 2:13-cv-00464-MMD-NJK<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>(Dkt. ##55; 56; 80; 82) |

Plaintiff and defendants have moved in *limine* on various grounds. Plaintiff Lauren Calvert seeks to stop defendants from referring to three pieces of evidence at trial: (1) Calvert's prior employment as an exotic dancer, (2) her prior DUI charges, and (3) a suspension of her driver's license.[1] I find each of these items of evidence to be relevant to Calvert's claimed damages and that this relevance is not substantially outweighed by the risk of unfair prejudice.

Defendants, in turn, seek permission to introduce evidence that Calvert's expert was convicted of misprision of a felony.[2] Defendants are entitled to tell the jury about the expert's felony conviction because it involved dishonesty, and in any event it is probative of the expert's credibility and trustworthiness. Finally, defendants move to exclude two of Calvert's experts because they are cumulative.[3] At this stage, I find that each of Calvert's experts has non-

---

[1] (Dkt. ##55; 56.)

[2] (Dkt. #80.)

[3] (Dkt. #82.)

cumulative testimony that will assist the jury, and that any slight risk of prejudice is insufficient to warrant exclusion. However, Defendants may reassert this motion during trial, should the expert testimony truly be cumulative.

## I. DISCUSSION

### A. Whether reference to Calvert's exotic dancing, DUI arrests, and suspended license should be excluded.

Evidence is relevant if it has "any tendency" to make a material fact "more or less probable than it would be without the evidence."[4] I may exclude relevant evidence if its "probative value is substantially outweighed by a danger of . . . unfair prejudice."[5] "The decision to admit potentially prejudicial evidence under Rule 403 is committed to the sound discretion of the trial court."[6]

Calvert argues that references to her exotic dancing are irrelevant to the issues to be tried. She further argues it will unfairly prejudice the jury because the public dislikes exotic dancers. I disagree. Calvert is suing for personal injuries and claims she has been "disabled and limited and restricted in her occupations and activities."[7] She seeks "past and future medical expenses and future lost wages."[8] Calvert testified that—about four months after she was injured, and during her medical treatment—she worked at Club Paradise as an exotic dancer.[9] Her ability to dance for hours at a time, within months of her accident, is directly relevant to the extent and severity of her injuries and limitations and, hence, her damages. Calvert is unlikely to be significantly

---

[4] Fed. R. Evid. 401.

[5] Fed. R. Evid. 403.

[6] *United States v. Pedregon*, 520 F. App'x 605, 607 (9th Cir.) cert. denied, 134 S. Ct. 497, 187 L. Ed. 2d 336 (2013) (citations omitted).

[7] (Dkt #49, at ¶¶19, 25.)

[8] (Dkt. #49, at ¶¶19, 20, 21, 25, 26, 27.)

[9] (Dkt. #55-1, at 61:4-22, 64:5-10.)

prejudiced if the jury finds out she danced at a club three or four times in 2011.  Moreover, any potential prejudice does not substantially outweigh this evidence's probative value.

Likewise, Calvert's four DUI arrests and suspended license are relevant and not unfairly prejudicial.  Calvert's expert bases his damages figures, in part, on Calvert's lost earning capacity, future income, and life expectancy, but with no mention of Calvert's repeated DUI arrests or suspended license.[10]  Repeated DUI arrests, within the span of a few years, is relevant to rebutting Calvert's damages calculations.  DUI arrests may affect her ability to find employment as an attorney and may affect her working lifespan, both of which impact the calculation of her future damages.[11]  Calvert's suspended license is similarly relevant to determining her ability to sustain employment in the future, particularly given that her employment as an attorney may require frequent travel.

Defendants' experts rely on Calvert's DUI arrests and suspended license in rebutting her damages calculations.[12]  Specifically, Mr. Howden notes the importance of driving and arrest records when determining interruptions or changes in Calvert's future earnings.[13]  The probative value of Calvert's repeated DUI arrests and suspended license is not substantially outweighed by any potential prejudice.[14]

////

---

[10] (Dkt. #59-5.)

[11] *See Morris* v. *Long,* 2012 U.S. Dist. LEXIS 59413 at *20-21 (E.D.Cal., Apr. 27, 2012) (addressing similar arguments, and finding that alcohol use is relevant to work life expectancy and future earning capacity in the context of personal injury damages).

[12] (Dkt. #59-1, at 3-4, 7.)

[13] (*Id.*)

[14] Calvert also raises arguments under Fed. R. Evid. 609, which address impeachment, and Fed. R. Evid. 404, which deals with character evidence.  Neither of these arguments is helpful because defendants are not introducing Calvert's DUIs to impeach her or comment on her character.

**B.    Defendants' Motions *in limine***

**1.   Dr. Kabins's Misprision Conviction**

Defendants seek to impeach one of Calvert's experts with his 2010 conviction for misprision of a felony. For purposes of impeachment, a non-party witness' felony conviction "must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement."[15]

Here, Calvert's expert, Mark Kabins, pleaded guilty to misprision of a felony. This crime requires "some affirmative act of concealment."[16] Indeed, according to his plea, Kabins admitted to "conceal[ing]" the commission of a felony.[17] Even were I to apply Rule 403's balancing test, I would still admit Kabins's prior conviction. Juries must weigh the credibility of expert testimony, and Kabins's conviction for a crime involving dishonesty is probative of his trustworthiness.

**2.   Exclusion of Calvert's experts as cumulative**

Calvert has identified three medical experts: Dr. Prater, a pain management specialist; Dr. Kaplan, a neurosurgeon; and Dr. Kabins, an orthopedic spine surgeon. Defendants argue that allowing all three of Calvert's experts to testify would be cumulative and unduly emphasize her evidence to the jury.

I may exclude relevant evidence if its "probative value is substantially outweighed by a danger of . . . confusing, wasting time . . . or needlessly presenting cumulative evidence."[18] "The mere presence of overlap, reference to another expert's report or a similar conclusion, however,

---

[15] Fed. R. Evid. 609(a)(2).

[16] *Itani v. Ashcroft*, 298 F.3d 1213, 1216 (1th Cir.2002); *Tracey v. Am. Family Mut. Ins. Co.*, No. 2:09-CV-1257-GMN-PAL, 2010 WL 3766949, at *3 (D. Nev. Sept. 14, 2010); *United States v. Gravitt*, 590 F.2d 123, 125–26 (5th Cir.1979) (requiring "affirmative action to conceal the crime" for conviction of misprision of a felony).

[17] (Dkt. #80-1.)

[18] Fed. R. Evid. 403.

4

does not render an expert report unnecessarily 'cumulative' pursuant to FRE 403."[19]  Courts frequently permit multiple experts to opine on similar issues where each expert's credentials and expertise differ.  Providing the jury with perspectives from experts of different fields is often helpful to the jury.[20]

Defendants have not demonstrated Calvert's expert testimony will be needlessly cumulative.  Defendants have provided only speculation in their moving papers.  They attach over 275 pages of deposition testimony, among other documents, and then simply state that not all of Calvert's three experts should be permitted to opine on "medical conditions, treatment, and potential need for care."  Defendants fail to identify any testimony that will be cumulative, and fail to articulate why each expert should not be permitted to opine on these matters based on their distinct expertise and knowledge.

Each of Calvert's experts has a different background and expertise from the others, and each appears to offer non-duplicative testimony helpful to the jury.  Dr. Prater, for example, may be unqualified to opine on neurological conditions, treatment, and potential need for future neurological care—but Dr. Kaplan is qualified to discuss these issues.  Each of these experts appears to have distinct opinion evidence, based on their respective fields, that will aid the jury in determining Calvert's damages.  The theoretical risk that there could be some cumulative evidence does not substantially outweigh the probative value of having these three distinct experts testify.  Defendants will, of course, be able to object at trial should Calvert's expert testimony become unnecessarily duplicative.

## II. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Laurent Calvert's motions *in limine* (Dkt. ##55; 56) are DENIED.

---

[19] *Banks v. United States*, 93 Fed. Cl. 41, 2010 WL 1837701 *9 (Fed.Cl. May 4, 2010).

[20] *Johnson v. United States*, 780 F.2d 902 (11th Cir.1986) (district court abused its discretion in excluding third medical expert witness when the witness had different credentials and would have offered slightly different evidence and analysis).

1     IT IS FURTHER ORDERED that Defendants' motion *in limine* to introduce evidence of
2 plaintiff's expert's misprision conviction (Dkt. #80) is GRANTED, and Defendants' motion *in*
3 *limine* to exclude Plaintiff's experts (Dkt. #82) is DENIED.

    Dated: February 20, 2015.

                                                  ANDREW P. GORDON
                                                  UNITED STATES DISTRICT JUDGE