**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

LAUREN CALVERT,

Plaintiff,

v.

DARLENE ELLIS AS SUCCESSOR IN INTEREST TO MICHAEL WAYNE ELLIS, EXPRESS DAILY, DAILY EXPRESS, INC., DOE OWNER, I-V, DOE DRIVER, I-V, ROE EMPLOYER, ROE COMPANIES and ROE TRUCKING COMPANY,

Defendants.

Case No. 2:13-cv-00464-APG-NJK

**ORDER ON MOTION TO RECONSIDER**

(Dkt. #151)

Plaintiff Lauren Calvert asks me to reconsider my prior order (Dkt. #145) which allows defendants to reference Calvert's DUIs and driver's license suspension in her upcoming personal injury trial.

On February 20, 2015 I ruled that Calvert's DUIs and driver's license suspension could be admitted because they are relevant to the parties' claims and defenses.[1] Calvert is suing for personal injuries she claims have left her "disabled and limited and restricted in her occupations and activities." She seeks "past and future medical expenses and future lost wages." I ruled that her DUIs and suspended license are relevant to her lost earning capacity, future income, and life expectancy—three factors Calvert's own expert considers in his damages calculations. I further noted that defendants' expert considered the DUIs and suspended license in rebutting plaintiffs' expert. I cited to other district courts who similarly concluded that this type of evidence may be relevant in personal injury cases.

[1] (Dkt. #145.)

Generally, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[2] Calvert has shown none of these.

Calvert's primary basis for requesting reconsideration is that convictions may be admitted only if (1) they are felonies, (2) their probative value outweighs their prejudice, and (3) they are used for impeachment.[3] Calvert also recites the prohibition on using bad act evidence to prove the defendant's propensity to conform to her character. She finally states that "the decision to admit convictions, arrests, and charges that do not fall within the parameters of FRE 609 is not discretionary," citing to several Ninth Circuit cases that address the use of convictions for impeachment.

There is no merit to Calvert's arguments. It is well-established that Federal Rule of Evidence 404(b) allows admission of "evidence of other crimes or acts relevant to an issue in the trial."[4] For example, in *Knudsen v. Welsh*, the Ninth Circuit held that evidence of prior bad acts was "properly introduced for the purpose of proving damages."[5]

In my prior order, I did not address whether defendants can use Calvert's DUIs and suspended license to either (1) impeach her or (2) as evidence of her character to show

---

[2] *Nunes v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir. 2004).

[3] Calvert states: "evidence of criminal conviction is ***only*** admissible at trial if (1) the crime is punishable by death or imprisonment in excess of one year ***and*** (2) the probative value of admitting the evidence outweighs its prejudicial effect to the accused . . . [and a party] can only use evidence of conviction of [sic] crime to attack a witness' character for truthfulness." As explained below, evidence of prior bad acts or crimes can be admitted regardless of whether they are felonies and regardless of whether they are used for impeachment.

[4] *See Heath v. Cast*, 813 F.2d 254, 259 (9th Cir.1987); *see also* Fed. R. Evid. 404(b); *Knudsen v. Welsh*, 872 F.2d 428 (9th Cir. 1989); *Mendoza v. Gates*, 19 F. App'x 514, 518-19 (9th Cir. 2001); Coursen v. A.H. Robins Co., 764 F.2d 1329, 1334-35 (9th Cir.) opinion corrected, 773 F.2d 1049 (9th Cir. 1985); *United States v. Cherer*, 513 F.3d 1150, 1157 (9th Cir. 2008).

[5] 872 F.2d 428 (9th Cir. 1989).

conformity. That is because defendants requested neither. Defendants requested admission of the DUIs and suspended license because they are relevant to Calvert's claimed damages and defendants' expert relied on them in rebutting Calvert's expert report.

Calvert also argues that the DUIs and suspended license are irrelevant because there is no evidence her work as an attorney has diminished as a result of the DUIs or that a DUI could affect her employment. Calvert fails to address the relevance of this evidence to her life expectancy calculations. And her DUIs could affect her employability as an attorney. I previously addressed the relevance of this evidence in my prior order and Calvert has provided no reason to reconsider my decision on those grounds. Calvert has not provided any new evidence, authority, or analysis to warrant reconsideration of my prior order.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Dkt. #151) is DENIED.

Dated: March 17, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE