UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LAUREN CALVERT,<br><br>              Plaintiff,<br><br>v.<br><br>DARLENE ELLIS AS SUCCESSOR IN INTEREST TO MICHAEL WAYNE ELLIS, EXPRESS DAILY, DAILY EXPRESS, INC., DOE OWNER, I-V, DOE DRIVER, I-V, ROE EMPLOYER, ROE COMPANIES and ROE TRUCKING COMPANY,<br><br>              Defendants. | Case No. 2:13-cv-00464-APG-NJK<br><br>**SECOND ORDER REQUIRING THE PARTIES TO MEET AND CONFER** |

        On December 11, 2015, I entered an Order requiring the parties to meet and confer about the pending motions in limine and any additional contemplated motions. (Dkt. #200.) Despite my Order, defendants filed four motions in limine on December 17, 2015, none of which contains a certification that the parties conferred in good faith before the motions were filed. Similarly, plaintiff filed an opposition to several pending motions without a certification that the parties conferred in good faith to try to resolve the issues in dispute. My December 11 Order did not set a deadline for that meeting. Perhaps the parties thus felt it did not apply.

        IT IS THEREFORE ORDERED that the parties shall meet and confer about the substance of all pending (and any other contemplated) motions in limine. If agreements are reached on any motions, in whole or in part, the agreements may be put into a stipulation and proposed order for me to consider. Should the parties not reach agreement, the parties must file a certificate stating that counsel actually conferred in good faith to resolve the issue and confirming which motions remain in dispute. The failure to file the certificate of counsel by **January 8, 2016** will result in the denial of all motions in limine. Any future motions in limine, and responses and replies to

pending motions in limine, must contain a similar certification or the filing will be stricken from the record.

Dated: December 21, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE