1  DENNIS M. PRINCE, ESQ.
   Nevada Bar No.: 5092
2  TRACY A. EGLET, ESQ.
   Nevada Bar No.: 6419
3  ERICA D. ENTSMINGER, ESQ.
4  Nevada Bar No.: 7432
   **EGLET PRINCE**
5  400 South Seventh Street, Suite 400, Box 1
6  Ph.: (702) 450-5400
   Fx.: (702) 450-5451
7  eservice@egletlaw.com
8  *Attorneys for Plaintiff*

9  -and-

10 RYAN ANDERSON, ESQ.
   Nevada Bar No.: 11040
11 JACQUELINE R. BRETELL, ESQ.
12 Nevada Bar No.: 12335
   **MORRIS ANDERSON**
13 716 S. Jones Blvd.
14 Las Vegas, Nevada 89107
   Tel: (702) 333-1111
15 *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAUREN CALVERT, individually, | CASE NO.: 2:13-cv-00464-APG-NJK |
| Plaintiff, | **STIPULATION AND ORDER REGARDING PLAINTIFF'S PRE-TRIAL MOTIONS IN LIMINE** |
| vs. | |
| DARLENE ELLIS AS SUCCESSOR IN INTEREST TO MICHAEL WAYNE ELLIS; EXPRESS DAILY; DAILY EXPRESS, INC.; DOE OWNER, I-V, DOE DRIVER, I-V, ROE EMPLOYER, AND ROE COMPANIES, inclusive, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between the parties hereto in a good faith effort to meet and confer, through their respective counsel of record, Plaintiff's counsel, DENNIS M. PRINCE, ESQ., TRACY A. EGLET, ESQ., ERICA D. ENTSMINGER, ESQ., of the law firm of EGLET PRINCE, and Defendants, EXPRESS DAILY and DAILY EXPRESS, INC., by and through their attorneys of record, DOUGLAS B. MARCELLO, ESQ. of MARCELLO & KIVISTO, LLC, and SCOTT A. FLINDERS, ESQ. of HUTCHISON & STEFFEN, LLC, on December 18, 2015, that counsel in this matter have conferred and resolved several motions in limine and will not introduce any evidence of or make any comment regarding the following at trial:

1. Any reference to medical examiners as "Independent" [Omnibus Motion Dkt. 190, Subpart 7];

2. Any reference to Plaintiff's collateral sources of payment of medical bills from health insurance and/or Medicare/Medicaid, specifically excluding "liens" as being subject to this stipulation [Omnibus Motion Dkt 190, Subpart 9];

3. Any evidence or argument relating to a recovery by Plaintiff would or would not be subject to taxation [Omnibus Motion Dkt. 190, Subpart 15];

4. Any offers of compromise, negotiations, settlement offers or demands [Omnibus Motion Dkt. 190, Subpart 17];

5. Any reference to the filing of pre-trial motions unless there is a violation thereof [Omnibus Motion Dkt. 190, Subpart 18];

6. Any reference to the subject incident as an "unavoidable accident" or "Act of God [Omnibus Motion Dkt. 190, Subpart 21];"

7. In reliance upon Plaintiff's representation that she is no longer calling Mr. Sidlow as a witness at trial, Defendants will not call Mr. Howden as a witness **unless** Plaintiff

presents testimony, evidence, or argument as to Plaintiff not being able to perform her profession as an attorney due to any condtions she claims to be attributable to the accident in which event Defendants may introduce Mr. Howden's opinions at trial. [Plaintiff's MIL No. 11, Dkt. 195]

8. In reliance upon Plaintiff's representation that she will not be calling Mr. Sidlow as a witness at trial, Defendants will not call Mr. Kirkendall as a witness at trial. [Plaintiff's MIL No. 12, Dkt. 196]

Furthermore, the parties hereby stipulate and agree that all counsel will advise their respective clients and witnesses regarding the Court's rulings on any Motions in Limine.

DATED this 29th day of December, 2015.

**EGLET PRINCE**

/s/ Erica D. Entsminger
ERICA D. ENTSMINGER, ESQ.
Nevada Bar No.: 7432
400 South Seventh Street, Suite 400
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

DATED this 29th day of December, 2015.

**HUTCHISON & STEFFEN, LLC**

/s/ Scott A. Flinders
SCOTT A. FLINDERS, ESQ.
Nevada Bar No.: 9154
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
*Attorneys for Defendants*

DATED this 29th day of December, 2015.

**MARCELLO & KIVISTO**

/s/ Douglas Marcello
DOUGLAS B. MARCELLO, ESQ.
*Pro Hac Vice*
1200 Walnut Bottom Road, Suite 331
Carlisle, Pennsylvania 17015
*Attorneys for Defendants*

# ORDER

**PURSUANT TO THE STIPULATION OF THE PARTIES** and for good cause shown:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** Neither party or their counsel may make reference to medical examiners as "Independent" [Omnibus Motion Dkt. 190, Subpart 7];

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that neither party nor their counsel shall make any reference to Plaintiff's collateral sources of payment of medical bills from health insurance and/or Medicare/Medicaid, specifically excluding "liens" as being subject to this stipulation [Omnibus Motion Dkt 190, Subpart 9];

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that neither party nor their counsel shall present any evidence or argument relating to a recovery by Plaintiff would or would not be subject to taxation [Omnibus Motion Dkt. 190, Subpart 15];

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that neither party nor their counsel shall reference any offers of compromise, negotiations, settlement offers or demands [Omnibus Motion Dkt. 190, Subpart 17];

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that neither party nor their counsel shall make any reference to the filing of pre-trial motions unless there is a violation thereof [Omnibus Motion Dkt. 190, Subpart 18];

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that neither party nor their counsel shall make any reference to the subject incident as an "unavoidable accident" or "Act of God" [Omnibus Motion Dkt. 190, Subpart 21].

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** In reliance upon Plaintiff's representation that she is no longer calling Mr. Sidlow as a witness at trial, Defendants

4

will not call Mr. Howden as a witness **unless** Plaintiff presents testimony, evidence, or argument as to Plaintiff not being able to perform her profession as an attorney due to any condtions she claims to be attributable to the accident in which event Defendants may introduce Mr. Howden's opinions at trial. [Plaintiff's MIL No. 11, Dkt. 195];

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** In reliance upon Plaintiff's representation that she will not be calling Mr. Sidlow as a witness at trial, Defendants will not call Mr. Kirkendall as a witness at trial. [Plaintiff's MIL No. 12, Dkt. 196];

IT IS SO ORDERED this 29th day of December, 2015.

_____
UNITED STATES DISTRICT JUDGE

5