UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAUREN CALVERT,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL WAYNE ELLIS, *et al.*,<br><br>    Defendants. | Case No. 2:13-cv-00464-APG-NJK<br><br>**ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE PRIOR AND SUBSEQUENT MOTOR VEHICLE ACCIDENTS**<br><br>(Dkt. #186) |

      Plaintiff Lauren Calvert moves to exclude evidence related to prior and subsequent motor vehicle accidents, arguing that they are unrelated to her injuries caused by the May 2011 accident in question. She argues that none of the other accidents is relevant to the injuries she sustained and therefore such evidence is not probative and would only confuse and mislead the jury. Further, she contends that no expert or treating physician has testified that these other accidents caused or contributed to her injuries.

      In response, the defendants contend that evidence of other motor vehicle accidents, both before and after the accident in question, are relevant to causation and damages. They also argue that evidence of these other accidents, coupled with evidence that Ms. Calvert did not immediately complain of injuries at the time of the accident in question, is probative of whether the accident in question was the actual cause of her injuries. The defendants argue that both parties' experts have testified as to the potential cause of Ms. Calvert's injuries and opined as to the effect other accidents may have had on her injuries.

      Evidence is relevant if it has "any tendency" to make a material fact "more or less probable than it would be without the evidence." Fed. R. Evid. 401. I may exclude relevant evidence if its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues [or] misleading the jury." Fed. R. Evid. 403. "The decision to admit

potentially prejudicial evidence under Rule 403 is committed to the sound discretion of the trial court." *Boyd v. City & Cty. of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009) (citations omitted). Evidence of other motor vehicle accidents, both prior to and after the accident in question, is relevant to the issues to be litigated at this trial and the probative value is not substantially outweighed by any potential prejudice.

IT IS THEREFORE ORDERED that the plaintiff's motion in limine number 6 to exclude prior and subsequent unrelated motor vehicle accidents **(Dkt. #186) is DENIED.**

DATED this 8th day of January, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE