UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAUREN CALVERT,<br><br>          Plaintiff,<br><br>v.<br><br>MICHAEL WAYNE ELLIS, *et al.*,<br><br>          Defendants. | Case No. 2:13-cv-00464-APG-NJK<br><br>**ORDER DENYING MOTION IN LIMINE REGARDING REFERENCE TO ALCOHOL OR SUBSTANCE ABUSE**<br><br>(Dkt. #189) |

       Plaintiff Lauren Calvert moves to exclude all evidence, reference, and argument about her prior alcohol and substance abuse on the basis that it is irrelevant and highly prejudicial. She argues that no expert or treating physician has stated that these issues contributed to her injuries, and therefore such evidence is irrelevant. In addition, she contends that the probative value of such evidence is vastly outweighed by its prejudicial effect. She claims that there is no legitimate basis for presenting evidence of prior alcohol or substance abuse to the jury and that the defendants only seek to admit such evidence in an attempt to harm her character and label her a drug addict and alcoholic.

       In response, the defendants argue that evidence of Ms. Calvert's history of alcohol and substance abuse is relevant to the calculation of damages for Ms. Calvert's claims of future pain and suffering and permanent injury. The defendants intend to present evidence on the effect Ms. Calvert's prior alcohol and substance abuse has on her probable life expectancy. They argue that by seeking future pain and suffering damages, and by offering into evidence a life expectancy table (Dkt. #184), Ms. Calvert has put her life expectancy directly at issue.

       Life expectancy "is a question of fact . . . to determine based on all relevant factors, including [the plaintiff's] health, lifestyle and occupation." *McAsey v. U.S. Dep't of Navy*, 201 F. Supp. 2d 1081, 1097 (N.D. Cal. 2002) (internal quotations omitted). While evidence of Ms.

Calvert's history of alcohol or substance abuse is not admissible to impugn her character, such evidence is directly relevant to her probable life expectancy, which in turn is relevant to damages. Fed. R. Evid. 401 (evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence"); *see also Morris v. Long*, No. 1:08-CV-01422-AWI-MJS, 2012 WL 1498889, at *2 (E.D. Cal. Apr. 27, 2012) (finding that evidence of the plaintiff's alcohol use is relevant to a claim of future lost income because it affects the plaintiff's work life expectancy and earning capacity, which affect the calculation of damages). Ms. Calvert offers no argument as to why such information is not relevant to her life expectancy and calculation of damages.

IT IS THEREFORE ORDERED that the plaintiff's motion in limine number 8 to exclude evidence, reference, and argument about alcohol or substance abuse **(Dkt. #189) is DENIED.**

DATED this 8th day of January, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE