UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAUREN CALVERT,<br><br>          Plaintiff,<br><br>v.<br><br>MICHAEL WAYNE ELLIS, *et al.*,<br><br>          Defendants. | Case No. 2:13-cv-00464-APG-NJK<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION IN LIMINE REGARDING DUI CHARGES AND SUSPENSION OF DRIVER'S LICENSE**<br><br>(Dkt. #191) |

        Plaintiff Lauren Calvert renews her previous motion in limine to exclude references to her DUI charges and the suspension of her driver's license, arguing that changed circumstances make this evidence irrelevant. Ms. Calvert contends that because she has withdrawn her claims of lost earning capacity and wage loss, evidence of her DUI charges and driver's license suspension are no longer relevant. She further argues that such evidence is improper character evidence, more prejudicial than probative, and that the DUIs are inadmissible under Federal Rule of Evidence 609.[1] In response, the defendants contend that evidence of Ms. Calvert's DUI charges are relevant to the calculation of damages because they affect Ms. Calvert's life expectancy.

        In my previous orders, I noted that Ms. Calvert's DUI arrests are relevant to rebutting her damages and life expectancy calculations. (Dkt. #145 at 3; Dkt. #153 at 1.) I further noted in my order denying her motion for reconsideration that she had given no reason why her DUIs were not relevant to her life expectancy calculations. (Dkt. #153 at 3.) The same is true now.

        Ms. Calvert has requested I take judicial notice of a life expectancy table in support of her damages. (Dkt. #184.) Life expectancy, "is a question of fact . . . to determine based on all relevant factors, including [the plaintiff's] health, lifestyle and occupation." *McAsey v. U.S. Dep't*

---

[1] In her previous motion for reconsideration, Ms. Calvert argued that Rule 609 required that evidence of her DUI charges be excluded. (Dkt. #151.) She makes the same argument again. As I stated in my order denying reconsideration, this argument is meritless. (Dkt. #153 at 2.)

*of Navy*, 201 F. Supp. 2d 1081, 1097 (N.D. Cal. 2002) (internal quotations omitted). The defendants' expert references Ms. Calvert's DUI charges in his life expectancy calculation. (Dkt. #216-1 at 8.) While evidence of Ms. Calvert's DUI charges is not admissible to impugn her character and is not relevant to her character for truthfulness, such evidence is relevant to her life expectancy, which in turn is relevant to damages. Fed. R. Evid. 401 (evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence"). Once again, Ms. Calvert offers no argument as to why evidence of her DUI charges is not relevant to her life expectancy and calculation of damages.

Regarding the suspension of Ms. Calvert's driver's license, in my previous order I stated that evidence of Ms. Calvert's suspended license is relevant to determining her ability to sustain employment in the future. (Dkt. #145 at 3.) However, Ms. Calvert has since withdrawn her claims of lost earning capacity and wage loss. While the defendants offer arguments why Ms. Calvert's DUI charges are relevant to her life expectancy, they offer no reason why the suspension of her driver's license is relevant to her life expectancy or damages calculation.[2] I therefore will exclude reference to her suspended license.

IT IS THEREFORE ORDERED that the plaintiff's motion in limine number 5 to exclude reference to Ms. Calvert's DUI charges and suspended license **(Dkt. #191) is DENIED in part and GRANTED in part**. It is denied as to references to Ms. Calvert's DUI charges. It is granted as to Ms. Calvert's suspended license.

DATED this 8th day of January, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] The defendants' expert also does not reference Ms. Calvert's suspended license in his life expectancy calculations. (*See* Dkt. #216-1 at 8.)