1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LAUREN CALVERT,

Plaintiff,

v.

MICHAEL WAYNE ELLIS, *et al.*,

Defendants.

Case No. 2:13-cv-00464-APG-NJK

**ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE OTHER MEDICAL CONDITIONS AND INJURIES**

(Dkt. #188)

Plaintiff Lauren Calvert moves to exclude evidence related to other medical conditions and injuries, arguing that they are irrelevant to the injuries caused by the May 2011 accident in question. The list of other medical conditions and injuries which she seeks excluded include, for example, Ms. Calvert's repeated falls, her history of cigarette smoking, her breast augmentation procedure, and an appendectomy performed when she was a pre-teen. She argues that none of these other medical conditions and injuries is relevant to the injuries she sustained from the May 2011 accident and would only prejudice the jury into thinking that Ms. Calvert is sickly or prone to injuries. She further contends that no expert or treating physician has testified that these other medical conditions and injuries caused or contributed to the injuries in question.

In response, the defendants contend that Ms. Calvert's other medical conditions and injuries are relevant to causation and damages and that it is premature to exclude such evidence at this time. They argue that both parties' medical experts analyzed Ms. Calvert's entire medical history when forming their expert opinions as to the potential causes of the injuries in question. They argue further that certain of Ms. Calvert's other medical conditions and injuries, including her history of cigarette smoking, are relevant to her life expectancy.

Evidence is relevant if it has "any tendency" to make a material fact "more or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence should be

excluded if its "probative value is substantially outweighed by a danger of . . . unfair prejudice,

confusing the issues [or] misleading the jury." Fed. R. Evid. 403.  "The decision to admit

potentially prejudicial evidence under Rule 403 is committed to the sound discretion of the trial

court." *Boyd v. City & Cty. of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009) (citations

omitted).

Ms. Calvert's history of cigarette smoking is relevant to her life expectancy and therefore

is admissible.  Her history of falls could be relevant, but at this stage the parties have not provided

me the necessary context to determine whether that and Ms. Calvert's other medical conditions

and injuries are relevant to causation and damages.  I therefore deny this motion without

prejudice to object at trial.

IT IS THEREFORE ORDERED that the plaintiff's motion in limine number 7 to exclude

other medical conditions and injuries **(Dkt. #188) is DENIED**.

DATED this 12th day of January, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE