UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAUREN CALVERT, | Case No. 2:13-cv-00464-APG-NJK |
| Plaintiff, | |
| v. | **ORDER** |
| MICHAEL WAYNE ELLIS, *et al.*, | (Dkt. #163, #198) |
| Defendants. | |

The parties dispute three main issues regarding defense expert Dr. Derek Duke. First, the defendants seek to exclude, and Calvert seeks to admit, certain state court findings about Duke's bias. Second, Calvert seeks to preclude Duke from opining that she is malingering, magnifying her symptoms, or has secondary gain motives. Finally, Calvert seeks to preclude Duke from opining that Dr. Prater performed unnecessary treatment.

### A. State Court Orders

At the January 11, 2016 hearing, Calvert indicated she would not use any of the state court orders at trial. I therefore deny as moot the parties' respective motions on this point.

### B. Qualification to Render Specifically Identified Opinions

Calvert seeks to exclude the following opinions by Duke as outside the scope of his expertise as a neurosurgeon because, she argues, they require diagnosis by a psychologist:

- that her history of anxiety, depression, and bipolar disorder affect the interpretation and expression of pain complaints (Dkt. #198-2 at 9);

- that psychological factors are known to induce chronic abnormal muscle tension which induces chronic pain in the neck and back (*id.*);

- that bipolar patients often modify their history, are often extremely manipulative, and present information that attempts to deceive or misguide (Dkt. #198-3 at 11);

- that patients with substance abuse in their history substitute other substances for street drug abuse (*id.*); and

- that doctors who treat patients with an abnormal psychological profile must rely more heavily on objective criteria when making causation opinions (*id.*).

The defendants respond that these are not diagnoses by Duke. Rather, Calvert has been diagnosed by others with these conditions and Duke will testify that these conditions must be taken into account by a treating physician.

None of these opinions is a diagnosis of a psychological disorder. Rather, they are opinions on how a physician ought to respond or what he should consider in light of these diagnoses by others. These opinions therefore do not require qualifications as a psychologist to render. Accordingly, I deny this portion of Calvert's motion.

### C. Malingering, Magnifying Symptoms, or Secondary Gain

Calvert seeks to preclude Duke from testifying that she is malingering, magnifying her symptoms, or has secondary gain motives. At the January 11, 2016 hearing, the defendants confirmed that Duke will not mention malingering, so the only issues are magnifying symptoms and secondary gain.

Calvert generally argues that because Duke is not a psychologist he cannot testify that Calvert is magnifying symptoms or has secondary gain motives. Alternatively, Calvert argues that opinions on this topic invade the province of the jury because it is an opinion about Calvert's motivations and the jury is the sole judge of credibility. Calvert also seeks to preclude counsel from arguing that she was motivated by secondary gain.

The defendants respond that Duke has years of experience treating patients and, in doing so, he (and other doctors) must evaluate whether the patient is magnifying symptoms or has secondary gain motives. The defendants therefore argue Duke is sufficiently experienced to render the opinion even though he is not a psychiatrist or psychologist.

Duke is permitted to point out inconsistent pain reporting, inconsistent reports of response to therapy, or that Calvert's reporting of pain was inconsistent with objective medical criteria. He

also may point out inconsistencies between her reported history and objective evidence. But he may not opine that the reason these inconsistencies exist is because Calvert is motivated by secondary gain. Doing so would invade the province of the jury to determine credibility. *See, e.g., United States v. Geston*, 299 F.3d 1130, 1136 (9th Cir. 2002) (making credibility determinations is "the jurors' responsibility"). Duke therefore cannot testify about "secondary gain" or offer opinions on Calvert's motivations.

However, I will not preclude defense counsel from arguing that a reasonable inference from those inconsistencies is that Calvert was seeking to better her position in this lawsuit. Counsel is entitled to make arguments based on reasonable inferences from the evidence elicited at trial. Depending on the evidence presented, it may be a reasonable inference that Calvert sought to improve her position in this lawsuit through exaggerated claims of pain that are not supported by the objective evidence, or that she sought to avoid jeopardizing her lawsuit by not fully disclosing her history.

I therefore grant in part and deny in part Calvert's motion on this issue. Duke may testify about inconsistencies, but he may not testify about "secondary gain" or ascribe to Calvert motivations for those inconsistencies. That is for the jury to decide. But defense counsel may argue in closing, if the evidence supports a reasonable inference, that those inconsistencies were the product of Calvert's desire to strengthen her position in litigation.

### D. Commenting about Dr. Prater

Calvert seeks to preclude Duke from opining that the injections Dr. Prater ordered were not medically necessary. She argues Duke has no qualifications to opine about the propriety of the treatment rendered by Prater, who is Calvert's pain management physician. If the defendants can lay a sufficient foundation at trial that Duke is qualified to render such an opinion, I will not exclude it.[1] I therefore deny this portion of Calvert's motion without prejudice to object at trial.

IT IS THEREFORE ORDERED that the defendants' motion in limine as to state court orders regarding Dr. Duke **(Dkt. #163) is DENIED as moot**.

---

[1] (*Cf.* Dkt. #248.)

IT IS FURTHER ORDERED that the plaintiff's motion in limine no. 9 to limit the opinions and testimony of defense expert Dr. Duke **(Dkt. #198) is GRANTED in part and DENIED in part** as set forth in this Order.

DATED this 12th day of January, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE