UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAUREN CALVERT,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL WAYNE ELLIS, *et al.*,<br><br>    Defendants. | Case No. 2:13-cv-00464-APG-NJK<br><br>**ORDER GRANTING IN PART AND DENYING PLAINTIFF'S MOTION IN LIMINE No. 13 TO EXCLUDE IRRELEVANT AND/OR UNDULY PREJUDICIAL INFORMATION AND PHOTOGRAPHS**<br><br>(Dkt. #199) |

Plaintiff Lauren Calvert moves to exclude from trial photographs from her Facebook account, the fact that she was terminated from the Lionel Sawyer law firm, a legal dispute with a credit card company, and evidence of domestic violence. The defendants do not respond to the credit card issue, but they contend the other evidence is relevant and should not be excluded.

1. Facebook photos

Calvert seeks to exclude "risqué" photographs from her Facebook account. It is unclear what specific photographs Calvert seeks to exclude. I therefore cannot make a pre-trial determination. Calvert will have to object to particular photos at trial. To the extent Calvert contends none of the photographs on her Facebook account is relevant, I deny the motion. The defendants contend some of the photos show Calvert engaging in physical activity that would contradict her reported physical injuries and limitations. Those types of photos would be relevant and not unfairly prejudicial. Fed. R. Evid. 401, 403.

2. Lionel Sawyer Termination

Calvert seeks to exclude information that she was terminated from the Lionel Sawyer law firm. Calvert testified at deposition that her termination may have been a result of one of her driving under the influence charges. She argues that because she is not making a claim for loss of earning capacity, it is irrelevant that she was fired from a law firm. The defendants respond that

this evidence goes to her alcohol dependency, which is relevant to her life expectancy. The defendants also argue the evidence is relevant to any claim Calvert has that she is unable to perform her job as an attorney as a result of the accident.

I will exclude this evidence as irrelevant, subject to Calvert opening the door with any testimony or argument that she is incapable of performing her job as an attorney as a result of the accident. The fact that Calvert was terminated from Lionel Sawyer and that she speculated it was because of a drunk driving incident is of minimal relevance to her life expectancy, particularly considering other evidence of her alcohol dependence issues.

### 3. Credit Card Company

Calvert seeks to exclude a legal dispute she had with her credit card company. The defendants do not respond to this portion of the motion, so I will grant it.

### 4. Domestic violence

Finally, Calvert seeks to exclude reference to a domestic violence incident. The defendants respond that Calvert does not identify what particular incident she is seeking to exclude but they are aware of one incident reported as a domestic dispute and another incident that gave rise to the hospital inquiring whether Calvert had been physically assaulted. The defendants argue that evidence of Calvert's prior falls and other physical injuries is relevant and evidence of domestic violence as it relates to those incidents is also relevant.

As to the incident of falling down the stairs, it may be relevant that she fell down the stairs because her history of falls may be relevant. (Dkt. #255.) However, the defendants do not explain why it is relevant that Calvert reported that one of her fall was the result of a domestic violence, particularly where the police later concluded that it was not a domestic violence incident and where there the parties have not identified any other evidence of domestic violence having caused Calvert's injuries. I therefore will exclude reference to the fall being the result of an alleged domestic violence incident.

As for the other incident, it may be relevant that treatment providers questioned her about whether she had been physically assaulted because she had a significant number of bruises on her

body after falling multiple times, which may suggest the severity of the injuries Calvert suffered from other falls. (*Id.*)  To the extent Calvert's motion is directed at other evidence, she will have to object at trial because it is unclear from her motion what other evidence she seeks to exclude.

IT IS THEREFORE ORDERED that the plaintiff's motion in limine no. 13 to exclude irrelevant and/or unduly prejudicial information and photographs **(Dkt. #199) is GRANTED in part and DENIED in part**.

DATED this 20th day of January, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE